IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARGARET JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:21-cv-331-MHT-SMD |
| | ) | |
| HYUNDAI MOTOR MANUFACTURE | ) | |
| ALABAMA, | ) | |
| | ) | |
| Defendant. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the undersigned is Defendant Hyundai Motor Manufacture Alabama, LLC's ("Hyundai") Motion to Dismiss Plaintiff Margaret Jones's ("Jones") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *Mot. to Dismiss* (Doc. 4) p. 1. Jones initiated this suit "for sexual harassment" in state court. *Compl.* (Doc. 1-1) p. 1. Hyundai construed her claim as governed by Title VII of the Civil Rights Act of 1964 and removed the case to federal court pursuant to 28 U.S.C. §§ 1331, 1441. *Notice of Removal*, (Doc. 1) p. 2, ¶¶ 4-5. For the reasons explained below, the undersigned RECOMMENDS that Hyundai's Motion to Dismiss be GRANTED, and that Jones's Complaint be DISMISSED.

## I.  FACTUAL & PROCEDURAL BACKGROUND

Jones, proceeding pro se, is suing Hyundai for sexual harassment she allegedly suffered during her employment. *Compl.* (Doc. 1-1) p. 1. Jones asserts that her supervisors talked over her, marginalized her, looked at her while she bent over to clean cars, and asked her to remove her mask so they could see her face. *Id.* Jones also alleges that Hyundai "did

not act courageously instead of scapegoating, wrongly placing blame or covering up the incident [sic]," *id.*, and that Hyundai failed to put effective policies in place to prevent sexual harassment from occurring in the workplace. *See id.* at 1-2.

Jones filed suit in the Circuit Court of Montgomery County, Alabama, on March 24, 2021, *id.*, and Hyundai timely removed the case to this Court. *Notice of Removal* (Doc. 1) p. 3, ¶ 10. In its Notice of Removal, Hyundai asserts that, because Alabama does not recognize an independent cause of action for sexual harassment, Jones's claim should be construed as arising under Title VII, which gives this Court federal question jurisdiction over the matter. *Id.* at 2, ¶¶ 4-5. To the extent that Jones's Complaint contains any state law claims, Hyundai asserts that they are part of the same case or controversy as her Title VII claim and therefore asks the Court to exercise supplemental jurisdiction over those claims. *Id.* at 2.

After removing the case to this Court, Hyundai immediately moved to dismiss Jones's Complaint. *Mot. to Dismiss* (Doc. 4). Hyundai argues that Jones's Title VII claim should be dismissed because she failed to exhaust her administrative remedies by filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC")—a prerequisite for all Title VII actions. *Id.* pp. 4-7. Alternatively, Hyundai argues that, even if Jones could satisfy the Title VII administrative prerequisites, her Complaint should be dismissed for failure to state a claim. *Id.* at 7-13. Hyundai does not move the Court to dismiss Jones's state law claims, if any.

On January 25, 2022, the undersigned entered an Order (Doc. 9) permitting Jones to file an amended complaint. The undersigned specifically advised Jones that, in filing her

amended complaint, she "should attach documents showing that she brought an EEOC Charge of Discrimination related to the conduct alleged within the amended complaint and that she received a right-to-sue letter from the EEOC based on that Charge of Discrimination." *Order* (Doc. 9) p. 2. The undersigned further advised Jones that "her failure to file the appropriate EEOC documentation with this Court will indicate that she has not pursued her grievance with Hyundai through the EEOC administrative process." *Id.* Finally, the undersigned warned Jones that "**if she fails to file an amended complaint by February 8, 2022, the undersigned will assume that Jones intends to stand on her original Complaint. The undersigned will then enter a recommendation as to Hyundai's Motion to Dismiss the original Complaint.**" *Id.* at 3 (emphasis in original).

Jones did not file an amended complaint pursuant to the undersigned's Order. As such, the undersigned assumes that Jones has not availed herself of the EEOC's administrative process and will proceed to address Hyundai's Motion to Dismiss Jones's Complaint.

## II.    DISCUSSION

### A. This Court has subject matter jurisdiction over Jones's Complaint.

Prior to examining Hyundai's Motion to Dismiss, the undersigned must first determine whether this Court has authority to hear Jones's Complaint. As explained below, Jones's Complaint presents a federal question, thereby giving this Court subject matter jurisdiction over the case.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant" to federal court.

28 U.S.C. § 1441(a). A federal district court has original jurisdiction over "civil actions arising under" federal law. 28 U.S.C. § 1331. "Whether a claim 'arises under' federal law 'is generally determined by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Hill v. Bellsouth Telecomms., Inc.*, 364 F.3d 1308, 1314 (11th Cir. 2004) (quoting *Smith v. GTE Corp.*, 236 F.3d 1292, 1310 (11th Cir. 2001)). A federal question is present either when "federal law creates the cause of action" or when "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27-28 (1983). The removing party "bears the burden of establishing federal jurisdiction." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010) (internal quotations omitted).

Although Jones's Complaint does not explicitly invoke Title VII, its central allegation is that Hyundai created a hostile work environment due to sexual harassment. *Compl.* (Doc. 1-1) pp. 1-2 (noting that Jones's Complaint references sexual harassment eight times throughout her twenty-four-sentence Complaint). A sexual harassment claim may be pursued via federal law under Title VII, which prohibits the "creation of an offensive or hostile work environment due to sexual harassment." *Henson v. City of Dundee*, 682 F.2d 897, 901 (11th Cir. 1982). Alabama state law, on the other hand, does not recognize a cause of action for sexual harassment. *Stevenson v. Precision Standard, Inc.*, 762 So. 2d 820, 825 n.6 (Ala. 1999). Because Jones repeatedly characterizes her claim as one for sexual harassment, and because there is no specific state law sexual harassment

claim, the undersigned construes Jones's Complaint to allege a Title VII claim.[1] As such,

this Court has subject matter jurisdiction over the Complaint.

### B. Jones's Complaint Should Not Be Construed to Assert State Law Claims.

The undersigned turns next to determine whether Jones's Complaint should be

construed to assert state law claims. A generous construction of the Complaint indicates

that it should not.

As noted above, Alabama does not recognize an independent cause of action for

sexual harassment. *Stevenson*, 762 So. 2d at 825 n.6. However, a plaintiff experiencing

sexual harassment may pursue claims under Alabama common-law tort theories including

assault and battery, invasion of privacy, outrage, and negligent training and supervision.

*See Potts v. BE & K Constr. Co.*, 604 So. 2d 398 (Ala. 1992); *Big B, Inc. v. Cottingham*,

634 So. 2d 999 (1993); *Mardis v. Robbins Tire & Rubber Co.*, 669 So. 2d 885 (Ala. 1995);

---

[1] This conclusion is supported by the fact that Jones does not deny that she asserts a Title VII claim, despite having ample opportunity to do so. *Cf. Curry v. Dart Container Corp. of Ga.*, 2014 WL 2456971, at *1 (N.D. Ga. May 30, 2014) (case remanded after plaintiff clarified that he was bringing only a state law claim, not a Title VII claim). In her one-paragraph response to Hyundai's Motion to Dismiss, she does not protest Hyundai's characterization of her sexual harassment claim as one arising under Title VII. *Resp. to Mot. to Dismiss* (Doc. 7) p. 1. This lack of opposition indicates that Jones is indeed asserting a Title VII claim.

Further, it is notable that Jones's Complaint is devoid of any reference to state law. Some plaintiffs alleging workplace sexual harassment have avoided federal jurisdiction by carefully crafting their complaints to bring only state law claims. *See, e.g.*, *Mathews v. Anderson*, 826 F. Supp. 479 (M.D. Ga. 1993) (case remanded to state court where the plaintiff's complaint alleged seven counts sounding in tort, none of which was distinctly for workplace sexual harassment). Jones, however, has not crafted her Complaint in such a manner as to avoid federal question jurisdiction. Her general allegations of sexual harassment in the workplace, particularly in the absence of any mention of state law, bolster the conclusion that the Complaint presents a Title VII claim. *See Beshears v. Kia of Augusta*, 2015 WL 3606057, at *3-4 (S.D. Ga. June 8, 2015) (motion to remand denied where the plaintiff, who generally alleged workplace sexual harassment, did not rely exclusively on state law tort claims).

*Ex parte Atmore Cmty. Hosp.*, 719 So. 2d 1190 (Ala. 1998). But Jones's well-pleaded allegations do not indicate that she is asserting any of these tort claims.

### 1. Assault and Battery

Jones does not allege that she was touched or that someone threatened to touch her. Thus, it does not appear that she is claiming assault and/or battery based on the allegedly offensive conduct. *See Wood v. Cowart Enterprises, Inc.*, 809 So. 2d 835, 837 (Ala. Civ. App. 2001) (defining assault as "an intentional, unlawful, offer to touch the person of another in a rude or angry manner under such circumstances as to create in the mind of the party alleging the assault a well-founded fear of an imminent battery, coupled with the apparent present ability to effectuate the attempt, if not prevented"); *Ex parte Atmore Cmty. Hosp.*, 719 So. 2d at 1193 (listing the elements of battery: (1) the defendant touched the plaintiff; (2) the defendant intended to touch the plaintiff; and (3) the touching was conducted in a harmful or offensive manner). Thus, the undersigned does not construe her Complaint to bring these claims.

### 2. Invasion of Privacy

Jones has not alleged facts to suggest she is claiming invasion of privacy. Under Alabama law, invasion of privacy is defined "as the intentional wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame, or humiliation to a person of ordinary sensibilities. *Rosen v. Montgomery Surgical Ctr.*, 825 So. 2d 735, 737 (Ala. 2001) (internal quotations omitted). "[I]nvasion of privacy consists of four limited and distinct wrongs: (1) intruding into the plaintiff's physical solitude or seclusion; (2) giving publicity to private information about the plaintiff that violates

ordinary decency; (3) putting the plaintiff in a false, but not necessarily defamatory position in the public eye; or (4) appropriating some element of the plaintiff's personality for a commercial use." *Johnston v. Fuller*, 706 So. 2d 700, 701 (Ala. 1997). None of Jones's allegations conceivably fall within these categories; therefore, the undersigned does not construe her Complaint to bring such a claim.

### 3. Outrage

Jones has not alleged facts that would support the tort of outrage. Outrage is "an extremely limited cause of action" in Alabama recognized in only three kinds of conduct: (1) wrongful conduct in the family-burial context, *Whitt v. Hulsey*, 519 So. 2d 901 (Ala. 1987); (2) barbaric methods employed to coerce an insurance settlement, *Nat'l Sec. Fire & Cas. Co. v. Bowen*, 447 So. 2d 133 (Ala. 1983); and (3) egregious sexual harassment, *Busby v. Truswal Sys. Corp.*, 551 So. 2d 322 (Ala. 1989). While not limited to these categories, per se, Alabama courts have made clear that "the tort of outrage is viable only when the conduct is so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society." *Little v. Robinson*, 72 So. 3d 1168, 1173 (Ala. 2011) (internal quotations omitted). Jones's allegations fall far short of this standard; therefore, the undersigned declines to construe the Complaint to bring such a claim.

### 4. Negligent Supervision, Training, and/or Retention

Jones has not alleged well-pleaded facts supporting a claim of negligent supervision, training, and/or retention. In order to state a claim for negligent supervision, training and/or retention, a plaintiff must establish that the allegedly incompetent employee committed a

common-law, Alabama tort. *Stevenson*, 762 So. 2d at 824. Here, however, Jones has not

alleged an independent Alabama tort based on the conduct she perceived as sexual

harassment. Because she does not allege any independent conduct that would support an

Alabama tort claim, the undersigned declines to construe her Complaint to assert a claim

for negligent supervision, training, and/or retention. *See Burnett v. Harvard Drug Grp.,*

*LLC*, 2014 WL 223081, at *6 (N.D. Ala. Jan. 21, 2014) ("Here, plaintiff's claim for

negligent hiring, training, supervision, and retention is based entirely on the same alleged

conduct that supports his claims for race discrimination, hostile work environment, and

retaliation under Title VII and 42 U.S.C. § 1981. Plaintiff does not allege any independent

conduct that would support an Alabama tort law claim. Accordingly, his negligent hiring,

training, supervision, and retention claim must be dismissed.").[2]

### C. Motion to Dismiss

Having found that Jones's Complaint asserts only a Title VII claim over which this

Court has jurisdiction, the undersigned turns to Hyundai's Motion to Dismiss.

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint if

it fails to state a claim on which relief can be granted. FED. R. CIV. P. 12(b)(6). To survive

a motion to dismiss, a complaint must contain sufficient factual matter "to state a claim to

---

[2] *See also Guy v. Ala. Power Co.*, No. 2:13-cv-8-MHT, 2013 WL 3929858, at *2 (M.D. Ala. July 29, 2013) ("It is clear that the employee's wrongdoing must be based on state, and not federal law. Otherwise, the tort of negligent or wanton hiring, training, and supervision could be a corridor through which federal laws prohibiting various types of conduct by employees could be incorporated into state law as a privately redressable requirement on employers to stop their employees from engaging in such conduct."); *Rabb v. Ga. Pacific, LLC*, 2010 WL 2985575, at *16 (S. D. Ala. July 26, 2010) ("Because Alabama does not recognize a common-law tort for race discrimination in employment, this Court finds that Rabb cannot maintain an action for negligent supervision based upon conduct that is employment discrimination, but does not support a common-law tort.") (internal quotations omitted).

relief that is plausible on its face." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). This standard "'calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the defendant's liability." *Id.* (quoting *Twombly*, 550 U.S. at 556). A reviewing court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016). A court gives legal conclusions—e.g., formulaic recitations of the elements of a cause of action— no presumption of truth. *Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir. 2011).

Federal courts liberally construe pro se pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). The general rule is that courts hold pro se pleadings to a less stringent standard than pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). This leniency, however, does not give a reviewing court "license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Williams, Scott & Assocs. LLC v. United States*, 2021 WL 777599, at *1 (11th Cir. Mar. 1, 2021) (per curiam) (quoting *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014)).

Here, Hyundai argues that Jones's Title VII claim should be dismissed because (1) Jones failed to allege any facts showing she fulfilled the conditions precedent to filing a Title VII suit in federal court and, alternatively, (2) her factual allegations are not sufficient to state a plausible claim of sexual harassment under Title VII. *Mot. to Dismiss* (Doc. 4). For both reasons, her Title VII claim should be dismissed.

9

### 1. Failure to Exhaust Administrative Remedies

Before initiating a Title VII action, a plaintiff must file "an EEOC complaint against" the defendant "and receive statutory notice from the EEOC of . . . her right to sue." *Forehand v. Fla. State Hosp. at Chattahoochee*, 89 F.3d 1562, 1567 (11th Cir. 1996). Jones's Complaint does not allege that she filed a charge with the EEOC and received a right-to-sue letter for her grievance. *See Compl.* (Doc. 1-1). After Hyundai argued that Jones's Complaint be dismissed for failure to exhaust administrative remedies, Jones did not supplement her Complaint with a right-to-sue letter or otherwise indicate that she engaged in the EEOC process. Further, Jones did not file an amended complaint attaching EEOC documentation as the undersigned ordered. Thus, despite having ample opportunity to do so, Jones has not shown that she exhausted her administrative remedies with the EEOC prior to filing suit in this Court and, therefore, the undersigned assumes she cannot. As such, the undersigned concludes that her Title VII claim should be dismissed for failure to exhaust administrative remedies. *See Bloodworth v. Colin*, 17 F. Supp. 3d 1245, 1254-55 (N.D. Ga. 2014) (dismissing the plaintiff's Title VII complaint for failure to exhaust administrative remedies).

### 2. Failure to State a Claim

Even if Jones could show that she met the conditions precedent to filing a Title VII suit, the factual allegations in her Complaint, accepted as true, are insufficient to state a plausible claim of sexual harassment under Title VII. And, because Jones did not file an amended complaint as directed by the undersigned, the undersigned assumes that Jones intends to stand on her original complaint and the factual allegations contained therein.

Sexual harassment may be actionable if it creates a hostile work environment. *Reeves v. C.H. Robinson Worldwide, Inc.*, 594 F.3d 798, 807 (11th Cir. 2010). A hostile work environment based on sexual harassment exists "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993). To determine whether conduct is sufficiently severe or pervasive, courts consider (1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interferes with the employee's job performance. *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002).

Jones does not allege facts sufficient to satisfy Title VII's severe or pervasive standard. Accepting Jones's well-pleaded allegations as true, she claims that (1) team leaders watched her while she bent over to clean cars and looked away when she turned towards them; (2) a team leader scared her by jumping across the aisle where she was standing; and (3) a team leader asked her to remove her mask so he could see her face. *Compl.* (Doc. 1-1). Jones's allegations do not show that the conduct of which she complains was frequent, severe, physically threatening, humiliating, or interruptive of her work. Simply put, to the extent that Jones's team leaders engaged in conduct with a sexual undertone,[3] that conduct is neither severe nor pervasive enough to maintain a Title VII

---

[3] *See Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1248 (11th Cir. 1999) (noting that, "although 'following and staring' can betray romantic or sexual attraction, the everyday observation of fellow employees in the workplace is also a natural and unavoidable occurrence when people work together in close quarters or when a supervisor keeps an eye on employees," and assuming, without deciding, that such conduct is sexual in nature).

sexual harassment claim. *See Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1250 (11th Cir. 1999) ("Given normal office interaction among employees, the following and staring in the manner described by [the plaintiff] are not the type of conduct that can render [the plaintiff's] claim actionable, even with evidence that the following and staring were 'constant' and thus 'frequent[.]'"). As such, Hyundai's motion to dismiss the Title VII claim should be granted.

## III.  CONCLUSION

For the reasons set forth above, it is the

RECOMMENDATION of the undersigned that Hyundai's Motion to Dismiss (Doc. 4) be GRANTED and that Jones's Complaint be DISMISSED.[4] Further, it is

ORDERED that the parties shall file any objections to this Recommendation **on or before March 8, 2022**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation, and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of

---

[4] Because the undersigned has already afforded Jones an opportunity to amend her Complaint and she has chosen not to do so, Jones should not be afforded an additional opportunity to amend.

plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH

CIR. R. 3-1; *see also Stein v. Lanning Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v.*

*City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

      The Clerk of Court is DIRECTED to mail a copy of this recommendation to Jones

via certified mail.

      DONE this 22nd day of February, 2022.


_____
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE